MOSELEY *& a. v.* JENNESS.

A decree of the probate court granting the creditor's petition, in the case of involuntary proceedings in insolvency under *s.* 7, *c.* 85, Laws 1885, and appointing a messenger to take possession of the insolvent's property, does not avoid a chattel mortgage made by the insolvent within three months before the filing of the creditor's petition, but more than three months before the date of the decree.*

TROVER, for two horses and other property.   Facts agreed. December 15, 1890, one Silver owned the property, and mortgaged it to the plaintiffs to secure the payment of his promissory notes for a greater amount than the value of the property, and given for merchandise before that time sold and delivered to him by the plaintiffs.   The mortgage was recorded the same day.   The notes have not been paid.   The defendant, a deputy sheriff, attached the property January 30, 1891, on writs in favor of certain creditors of Silver, and has held possession ever since.   February 21, 1891, Prescott filed his petition in the probate court, setting forth that Silver was owing him more than $300, and that Silver's property within the state was insufficient to pay all his debts, and praying that a messenger be appointed to take charge of the property, and that Silver be ordered to execute an assignment and

* See Pub. St., *c.* 201, *s.* 26.—REPORTER.

return a list of his creditors. At a hearing on the petition had by order of the court, March 19, 1891, of which due notice was given, the prayer of the petition was granted, and the defendant was appointed messenger to take charge of Silver's property. The defendant claims that by these proceedings the mortgage is made void.

*Leach & Stevens*, for the plaintiffs.

*J. T. Bartlett*, for the defendant.

CARPENTER, J. "Whenever an assignment to the judge of probate is made, as provided by section 1 of this act, . . . all payments, pledges, mortgages, conveyances, sales, and transfers made within three months next before said assignment . . . shall be void . . ." Laws 1885, c. 85, s. 9. Whether this provision applies in the case of involuntary proceedings under section 7, and if it does whether the appointment of a messenger is an assignment within the meaning of section 9, are questions not necessary to be determined. The statute does not provide that the orders of the judge, appointing a messenger or requiring the debtor to execute an assignment, shall relate back to the time of filing the petition, or have effect from that date. If, immediately on the filing of the petition, and without notice to or a hearing of the debtor, the judge could appoint a messenger, he did not do so. The petition did not of itself operate as an assignment. Upon it no action was taken, and no order was made until March 19. Until that day the debtor was not divested of his title to the property. If the orders then made effected an assignment, the mortgage was not thereby avoided. It was not made within three months next before the assignment.

*Judgment for the plaintiffs.*

BLODGETT, J., did not sit: the others concurred.